IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DARRELL CARTER**                                                               **PLAINTIFF**

**VS.**                                      **CIVIL ACTION: 3:17cv158-TSL-RHW**

**KROGER and**
**HINDS COUNTY, MISSISSIPPI**[1]                            **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court following the *pro se* Plaintiff's failure to appear for an omnibus/screening hearing duly noticed for 9:00 a.m. on Tuesday, July 24, 2018. This is a prisoner civil rights lawsuit filed by Darrell Carter pursuant to 42 U.S.C. § 1983, alleging false arrest, discrimination, profiling and humiliation as a result of his shoplifting arrest by Hinds County Sheriff's Department on January 20, 2017.

When he filed this lawsuit on March 9, 2017, Carter was Mississippi Department of Corrections (MDOC) inmate ( # 39370) incarcerated at Central Mississippi Correctional Facility (CMCF) serving three sentences totaling fifteen years and one day for two shoplifting convictions – one from Rankin County on July 2, 2012 and one from Madison County on November 17, 2014, and a conspiracy conviction from Madison County on November 17, 2014. According to his pleadings, Carter had been released from prison September 22, 2016 and stayed with family until being transferred to a halfway house the following month. [5, p. 1] He was on parole on January 20, 2017, the date of the occurrence from which this litigation arises. Carter

---

[1]Plaintiff actually sued Hinds County Sheriff's Dept., which is not an entity subject to suit, but merely an extension of the County. *Brown v. Thompson*, 927 So. 2d 733, 737 (¶12) (Miss. 2006). The Court had a Request for Waiver of Service sent to Hinds County, MS and Hinds County waived service of process on June 14, 2018, answered the lawsuit and filed a motion for judgment on the pleadings on July 5, 2018. [19], [21], [23], [24] The undersigned decided to conduct the hearing prior to issuing any process for Kroger.

alleges he was shopping at Kroger on I-55 in Jackson, Mississippi around 9:00 a.m. that day when he realized he did not have his wallet. He claimed he put his shopping cart of goods at the cash register and started to go out to his vehicle to get his money. When the Kroger manager approached him, Carter explained what he was doing, but the manager followed him outside and hailed a deputy sheriff who arrested Carter for shoplifting and took him to jail after the deputy went back into the store with the manager to "get some clarity about the situation." [1, p. 6]

In response to Court orders [8] and [16], requiring him to provide additional information, Carter stated he does not know the disposition of the Kroger shoplifting charge, and has been unable to obtain information about it, but his parole was revoked because of his arrest and he was returned to prison. [13], [17], [17-1] On June 8, 2018, Carter advised the Court he had been paroled and was "only waiting to be set a date to be released," which he expected to be "within the next ten to fourteen days." [20] By June 20, 2018 the MDOC showed him as a parolee, and on June 28, 2018 Carter filed a change of address to a free-world address. [22]

Upon the filing of the County's answer and motion for judgment on the pleadings on July 5, 2018, the Court immediately set the case for an omnibus/screening hearing for 9:00 a.m., July 24, 2018 at the Federal Courthouse in Jackson. [28] Copies of the Order [28] and notice of hearing were mailed to Plaintiff at his free-world address on July 6, 2018, and were presumptively received as they were not returned undeliverable. The undersigned traveled from Gulfport to Jackson, MS for the Tuesday morning hearing.

Approximately ten to fifteen minutes before the hearing was scheduled to begin, Plaintiff telephoned the undersigned's Gulfport Chambers to advise he "was not going to make it to the hearing." Upon questioning he stated he had no transportation. The undersigned had Chambers staff advise Plaintiff the hearing would go forward as scheduled. Brennan Patrick Breeland of

Brookhaven, Mississippi, Counsel for Hinds County, was present for the hearing at the appointed time.  The undersigned waited until approximately 9:20 a.m. before having the Courtroom Deputy call Plaintiff's case, with no response.  The undersigned called Plaintiff's name in the courtroom three times without response, and had the Courtroom Deputy go into the hallway to call his name three times with like result.  The undersigned further had the Courtroom Deputy contact court security officers to ascertain whether anyone had come through security into the Courthouse identifying himself as Darrell Carter or inquiring about the hearing with Judge Walker on July 24, 2018.  Court security officers responded in the negative.  The Court has repeatedly warned Plaintiff that failure to comply with Court orders could result in dismissal of his lawsuit.   [3], [4], [7], [8], [14], [16], [18]

## RECOMMENDATION

In light of the free-world Plaintiff's failure to comply with the Court's order to appear for the July 24, 2018 hearing in this case, or to timely notify the Court of any problem preventing him from attending the hearing, the undersigned recommends that this case be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the Report and Recommendation.  The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  The District Court need not consider frivolous, conclusive, or general objections.  Opposing parties have seven days after being served with objections, to serve and file a response or to notify the District Judge they do not intend to respond to the objections.  Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court

to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 26th day of July, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE